FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 17, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY M.,<br><br>        Plaintiff,<br>v.<br><br>ANDREW M. SAUL, Commissioner of the Social Security Administration,<br><br>        Defendant. | No: 1:20-CV-03024-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 11. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney D. James Tree. Defendant is represented by Special Assistant United States Attorney Sarah L. Martin. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment, ECF No. 10, **DENIES** Defendant's Motion for Summary Judgment, ECF No. 11, and **REMANDS** the case for additional proceedings consistent with this Order.

ORDER ~ 1

## JURISDICTION

Plaintiff Jeremy M.[1] filed an application for Disability Insurance Benefits (DIB) on January 30, 2017, Tr. 158, alleging disability since May 18, 2015, Tr. 284, due to possible multiple sclerosis, neuropathy in the ankle and feet, scoliosis, depression, insomnia, migraines, leg and pack pain, bipolar disorder, and epilepsy. Tr. 314. The application was denied initially, Tr. 215-20, and upon reconsideration, Tr. 131-35. Plaintiff filed an application for Supplemental Security Income (SSI), on May 8, 2018, and the application was consolidated with the DIB application at the hearing level. Tr. 15, 36, 94, 299-308, 376-77. A hearing before Administrative Law Judge Timothy Mangrum ("ALJ") was conducted on October 15, 2018. Tr. 91-125. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ also took the testimony of vocational expert Michael Swanson. *Id*. The ALJ denied benefits on February 21, 2019. Tr. 15-26. The Appeals Council denied Plaintiff's request for review on January 15, 2020. Tr. 1-5. The matter is now before this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts,

---

[1]In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial, and, subsequently, Plaintiff's first name only, throughout this decision.

ORDER ~ 2

the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 33 years old at the alleged date of onset. Tr. 284. Plaintiff received his GED in 1999, attended Jobs Corps in 1999, and received a Certificate of Instrumentation and Automation Industrial Technology in 2010. Tr. 315. Plaintiff worked as an electrician, maintenance mechanic, and service technician. Tr. 316. At the time of his application, Plaintiff stated that he stopped working on February 28, 2013 due to his conditions. Tr. 315.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its

ORDER ~ 3

judgment for that of the Commissioner.  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).  Further, a district court will not reverse an ALJ's decision on account of an error that is harmless. *Id*.  An error is harmless where it is "inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner

ORDER ~ 4

considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the

ORDER ~ 5

claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

ORDER ~ 6

The claimant bears the burden of proof at steps one through four. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since May 18, 2015, the alleged onset date. Tr. 17. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease/scoliosis; depressive disorder (bipolar disorder); alcohol dependence; and cannabis abuse. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then found that Plaintiff had the RFC to perform "a full range of work at all exertional levels but with the following nonexertional limitations: he must avoid concentrated exposure to hazards; he is limited to incidental contact with the public coworkers." Tr. 19.

At step four, the ALJ identified Plaintiff's past relevant work as a maintenance mechanic helper, tire technician servicer, and industrial truck operator and found that Plaintiff could not perform this past relevant work. Tr. 25. At step five, the ALJ found that considering Plaintiff's age, education, work experience, and

ORDER ~ 7

1  RFC, there were other jobs that exist in significant numbers in the national economy

2  that Plaintiff could perform, including: commercial cleaner, hand packager, and

3  small parts assembler. Tr. 25-26. On that basis, the ALJ concluded that Plaintiff

4  was not under a disability, as defined in the Social Security Act, from May 18, 2015,

5  the alleged onset date, through the date of his decision. Tr. 26.

## ISSUES

7  Plaintiff seeks judicial review of the Commissioner's final decision denying

8  him DIB under Title II and SSI under Title XVI of the Social Security Act. ECF

9  No. 10. Plaintiff raises the following issues for this Court's review:

10  1.  Whether the ALJ properly considered the medical opinions in the record; and

11  2.  Whether the ALJ properly considered Plaintiff's symptom claims.

## DISCUSSION

13  **1. Medical Source Opinions**

14  Plaintiff challenges the weight the ALJ assigned to the medical opinions of

15  Tasmyn Bowes, Psy.D. and Caryn Jackson, M.D. ECF No. 10 at 5-12.

16  If a treating or examining physician's opinion is uncontradicted, the ALJ may

17  reject it only by offering "clear and convincing reasons that are supported by

18  substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

19  Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another

20  doctor's opinion, an ALJ may only reject it by providing specific and legitimate

21  reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81

ORDER ~ 8

F.3d 821, 830-31 (9th Cir. 1995)).

  A.  **Tasmyn Bowes, Psy.D.**

  On March 22, 2018, Dr. Bowes completed a Psychological/Psychiatric Evaluation for the Washington Department of Social and Health Services (DSHS). Tr. 1045-50. Dr. Bowes diagnosed Plaintiff with unspecified neurocognitive disorder (likely secondary to MS), persistent depressive disorder, post-traumatic stress disorder, social anxiety disorder, and alcohol use disorder. Tr. 1048. She opined that Plaintiff had a severe limitation in the abilities to understand, remember, and persists in tasks by following detailed instructions, to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision, to communicate and perform effectively in a work setting, to maintain appropriate behavior in a work setting, and to complete a normal work day and work week without interruptions from psychologically based symptoms. Tr. 1048-49. She also opined that Plaintiff had a marked limitation in the abilities to learn new tasks, to perform routine tasks without special supervision, to adapt to changes in a routine work setting, to make simple work-related decisions, and to set realistic goals and plan independently. *Id*. She also opined that Plaintiff had a moderate limitation in the abilities to understand, remember, and persist in tasks by following very short and simple instruction, to be aware of normal hazards and take appropriate precautions, and to ask simple questions or request assistance. Tr. 1048. She opined that this level of impairment would persist for twenty-four

ORDER ~ 9

plus months with available treatment. Tr. 1049.

The ALJ rejected the opinion with the following paragraph:

> I also give little weight to the opinion of Tasmyn Bowes, PsyD who opined that the claimant was marked to severely limited in several areas (Exhibit B13F). She reviewed no records. She relied primarily on the claimant's self-report, which the record shows is unreliable at times. Her opinion is inconsistent with the overall medical evidence of record.

Tr. 24. Here, the ALJ provided three conclusory reasons for rejecting the opinion. First, she found that Dr. Bowes "reviewed no records." *Id.* Dr. Bowes stated that there were no previous psychological evaluations to review. Tr. 1045. However, Dr. Bowes completed an examination, and the ALJ failed to state how failing to review records undermined the value of the opinion. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct.").

Second, the ALJ stated that Dr. Bowes "relied primarily on the claimant's self-report, which the record shows is unreliable at times." Tr. 24. A doctor's opinion may be discounted if it relies on a claimant's unreliable self-report. *Bayliss*, 427 F.3d at 1217; *Tommasetti*, 533 F.3d at 1041. But the ALJ must provide the basis for his conclusion that the opinion was based on a claimant's self-reports. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Here, the ALJ failed to provide any basis for his conclusion that Dr. Bowes' opinion was based more heavily on Plaintiff's self-reports. Therefore, this reason fails to rise to the lessor

ORDER ~ 10

1  standard of specific and legitimate.

2  Third, the ALJ found that Dr. Bowes' opinion was inconsistent with the
3  medical evidence in the record.  Tr. 24.  Inconsistency with the majority of the
4  objective evidence is a specific and legitimate reason for rejecting physician's
5  opinions.  *Batson*, 359 F.3d at 1195.  However, the ALJ failed to provide any
6  citation to evidence to support his finding.  Therefore, this also fails to meet the
7  lesser standard of specific and legitimate.  *Embrey*, 849 F.2d at 421-22 (The ALJ is
8  required to do more than offer his conclusions, he "must set forth his interpretations
9  and explain why they, rather than the doctors', are correct.").

10  Defendant argues that Plaintiff "presented differently to Dr. B
11  owes than he did to treating providers."  ECF No. 11 at 7.  However, Defendant's
12  assertion is a *post hoc* rationalization, which will not be considered by this Court.
13  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only
14  the reasons provided by the ALJ in the disability determination and may not affirm
15  the ALJ on a ground upon which he did not rely.").  The case is remanded for the
16  ALJ to properly address the opinion of Dr. Bowes.

17  **B.    Caryn Jackson, M.D.**

18  On February 14, 2017, Dr. Jackson completed a Physical Function Evaluation
19  form for DSHS.  Tr. 994-98.  She diagnosed Plaintiff with multiple sclerosis,
20  migraine headaches, chronic thoracic spine pain, scoliosis, and depression with
21  anxiety.  Tr. 995.  She opined that Plaintiff was limited to sedentary work, defined as

ORDER ~ 11

"[a]ble to lift 10 pounds maximum and frequently lift or carry lightweight articles. Able to walk or stand only for brief periods." Tr. 996. She opined that this level or impairment would exist for twelve months with available medical treatment. *Id*.

On March 16, 2018, Dr. Jackson completed a second Physical Functional Evaluation form for DSHS. Tr. 1033-37. She diagnosed Plaintiff with alcohol use disorder in remission, bipolar affective disorder, and scoliosis. Tr. 1034. She again limited Plaintiff to sedentary work that would last twelve months with available treatment. Tr. 1035.

The ALJ gave the opinions "little weight" for two reasons: (1) the opinions were inconsistent with the objective evidence of record and (2) the opinions were inconsistent with Plaintiff's reported activities. Tr. 24.

The ALJ's first reason for rejecting the opinions, that they were inconsistent with the objective evidence, is not specific and legitimate. Inconsistency with the majority of the objective evidence is a specific and legitimate reason for rejecting physician's opinions. *Batson*, 359 F.3d at 1195. Here, the ALJ stated that "[a]lthough imaging of the spine shows scoliosis, the claimant consistently displays full strength, normal gait and mostly normal range of motion on exams." Tr. 24. Here, the ALJ failed to cite to any evidence in the record and failed to state what part of the opinion was inconsistent with these normal findings. *See Embrey*, 849 F.2d at 421-22 (The ALJ is required to do more than offer his conclusions, he "must set forth his interpretations and explain why they, rather than the doctors', are correct.").

ORDER ~ 12

The ALJ's second reason for rejecting the opinions, that it was inconsistent with her reported activities of walking for five hours at a time and biking for miles, is not specific and legitimate. Again, the ALJ failed to discuss how these activities were inconsistent with the opinions of Dr. Jackson. *See Embrey*, 849 F.2d at 421-22. Upon remand, the ALJ will readdress the opinions of Dr. Jackson.

**3.  Plaintiff's Symptom Statements**

Plaintiff challenges the ALJ's treatment of his symptom statements. ECF No. 10 at 12-16.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 20. The evaluation of a claimant's symptom statements and their resulting limitations relies, in part, on the assessment of the medical evidence. See 20 C.F.R. §§ 404.1529(c), 416.929(c); S.S.R. 16-3p. Therefore, in light of the case being

ORDER ~ 13

remanded for the ALJ to readdress the medical source opinions in the file, a new assessment of Plaintiff's subjective symptom statements will be necessary.

## CONCLUSION

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014)

ORDER ~ 14

(remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose).  Here, the ALJ needs to properly evaluate the medical opinions and Plaintiff's symptom statements upon remand.  The ALJ will also supplement the record with any outstanding medical evidence and call a vocational expert to testify at the remand proceedings.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, is **GRANTED, in part,** and the matter is remanded for further proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 11 is **DENIED**.

The District Court Executive is hereby directed to enter this Order and provide copies to counsel, enter judgment in favor of the Plaintiff, and **CLOSE** the file.

**DATED** December 17, 2020.

<i>s/Fred Van Sickle</i><br>
Fred Van Sickle<br>
Senior United States District Judge

ORDER ~ 15